UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN DILORETO,<br><br>    Plaintiff,<br><br>  v.<br><br>DR. ROBIN MILLER, et al.,<br><br>    Defendants. | Civil Action No. 21-20366 (GC) (DEA)<br><br>**MEMORANDUM ORDER** |

  This matter comes before the Court on the motions filed by Plaintiff John Diloreto ("Plaintiff") requesting the appointment of counsel (ECF No. 2), leave to file a late notice of claim under New Jersey's Tort Claims Act (ECF No. 3), and seeking service of his Complaint by way of the United States Marshals. (ECF No. 7.) By way of background, Plaintiff filed his Complaint in this matter in December 2021 (ECF No. 1), and paid the applicable filing fees less than a month later.[1] (ECF Docket Sheet). At no point has Plaintiff sought *in forma pauperis* status, nor has he sought to formally establish his indigence. Indeed, Plaintiff admits in his motion seeking Marshals' service that, based on the money in his inmate account, he does "not qualify to proceed *in forma pauperis*." (ECF No. 7 at 2.) For the following reasons, Plaintiff's motion seeking the appointment of counsel shall be denied without prejudice, and Plaintiff's motions seeking leave to file a late notice of claim and for Marshals' service shall be granted.

---

[1] Because Plaintiff paid the filing fee and has not been granted *in forma pauperis* status, because it is not clear that Defendants, all of whom are medical providers and therefore are likely employed by a contracting entity rather than the state itself, and because Plaintiff's claims concern his medical treatment rather than prison conditions, it is not clear that this Court has any authority to screen Plaintiff's Complaint. *See, e.g.,* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A; 42 U.S.C. § 1997e. Plaintiff was therefore provided summons upon payment of the filing fee, and this matter is not subject to *sua sponte* screening by this Court.

In his first motion, Plaintiff requests the appointment of counsel, arguing that he needs counsel in order to obtain the affidavit of merit required under state law to proceed with his state law medical malpractice claims, and that he is unable to acquire such an affidavit without the aid of counsel. Although civil plaintiffs have no right to the appointment of counsel in civil matters, this Court has wide discretion to appoint counsel where the Court finds that the appointment of counsel is warranted. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002); *see also Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). In determining whether the appointment of counsel is warranted, this Court must first determine whether the plaintiff is indigent and whether his claims have merit. *Tabron*, 6 F.3d at 155-57; *Cuevas v. United States*, 422 F. App'x 142, 144-45 (3d Cir. 2011). Where an indigent plaintiff presents meritorious claims, the Court then must weigh various factors to determine whether the appointment of counsel is warranted. *Tabron*, 6 F.3d at 155-57; *Cuevas*, 422 F. App'x at 144-45. Where a plaintiff fails to show that he is indigent or that his claims have at least arguable merit, a district court may deny a request for appointed counsel without considering the remaining *Tabron* factors. *Montgomery*, 294 F.3d at 498-99; *Tabron*, 6 F.3d at 155-57; *Cuevas*, 422 F. App'x at 144-45.

Here, although Plaintiff's claims have at least arguable merit insomuch as he alleges he was denied medical treatment or purposely misdiagnosed to save money, Plaintiff has, by his own admission, not attempted to show that he is indigent by filing an *in forma pauperis* application. This Court has no information which it could use to find Plaintiff indigent, and Plaintiff's request for appointed counsel must therefore be denied without prejudice. To the extent Plaintiff wishes to pursue a future request for counsel, he must at the very least provide a certification setting forth his indigence and provide a certified copy of his prison account statement sufficient to permit this Court to find that he is indigent.

Turning next to Plaintiff's motion seeking leave to file a late notice of claim under the New Jersey Tort Claims Act, this Court finds that Plaintiff has shown that such leave is warranted in this matter. Under the New Jersey Tort Claims Act, a plaintiff seeking to raise claims against a New Jersey public employee or entity must file a notice of claim within ninety days of the accrual of his claims. *D.D. v. Univ. of Med. and Dentistry of N.J.*, 61 A.3d 906, 915 (N.J. 2013). A plaintiff who is unable to meet this deadline, however, may seek leave to file a late notice of claim through a formal motion brought before a court "at any time within one year after the accrual of his claim provided that the public entity or the public employee has not been substantially prejudiced thereby." *Id.* (quoting N.J. Stat. Ann. § 59:8-9). Leave should be granted where the court finds the defendants have not been substantially prejudiced and a plaintiff has sufficiently shown extraordinary circumstances for his failure to timely file his notice of appeal. *Id.*

Here, Plaintiff's claims focus on the failure of Defendants Dr. Robin Miller, Ashraf Haggag, and Winfred Obiora ("Defendants") to provide proper medical attention to a muscle tear. (*See* ECF No. 1 at 13.) Plaintiff claims he was not permitted to see a specialist for treatment until April 2021. (*Id.*) Based on the information in Plaintiff's Complaint, his claims likely did not accrue until April 2021, when Plaintiff was made aware by the specialist that his untreated muscle tear could no longer be repaired. (*Id.*) Plaintiff asserts that COVID-related prison lockdowns prevented him from quickly filing a notice of tort claim, and that he was unable to do so until he mailed his notice on July 20, 2021. (ECF No. 3 at 6.) Because Plaintiff sought to file his notice in July, his notice was at most filed a few weeks after the expiration of the ninety-day statutory period, and nothing currently before the Court indicates that Defendants have been in any way prejudiced by this brief delay. Plaintiff's motion seeking leave to file a late notice of tort claim is granted because Defendants have not been substantially prejudiced, Plaintiff was subject to a

3

clearly extraordinary circumstance in the form of COVID-related prison lockdowns, Plaintiff sought leave well within a year, and because Plaintiff has shown good cause.[2]

Finally, Plaintiff requests that he be permitted to serve his Complaint by way of the United States Marshals. In his motion, Plaintiff asserts that he attempted to serve summons in this matter via mail, but later learned that this was improper, and now requests aid in serving his Complaint. (ECF No. 7 at 2-3.) Plaintiff also requests an extension of time within which to serve the Complaint. Pursuant to 28 U.S.C. § 1915(d), indigent plaintiffs who are granted *in forma pauperis* status are automatically entitled to service of their complaints by the United States Marshals Service. While a non-indigent Plaintiff is not *entitled* to service through the Marshals, Federal Rule of Civil Procedure ("Rule") 4(c)(3) provides that at a plaintiff's request, "the court may order that service be made by the United States marshal." Pursuant to Rule 4(m), this Court may in turn extend the time for performing service beyond the ninety-day standard service window. Having considered Plaintiff's request, and his good faith attempts at service, this Court finds that service by the Marshals and an extension of time within which to serve are warranted in this matter, and Plaintiff's motion seeking aid in serving his Complaint (ECF No. 7) is therefore granted.

**IT IS THEREFORE** on this 19th day of April, 2022, **ORDERED** that:

1. Plaintiff's motion seeking the appointment of counsel (ECF No. 2) is **DENIED WITHOUT PREJUDICE**,

2. Plaintiff's motion seeking leave to file a late notice of tort claim (ECF No. 3) is **GRANTED**,

---

[2] This Court's determination is limited solely to the propriety of the notice of claim filed by Plaintiff prior to the filing of his Complaint in this matter, and does not cover any subsequent notice Plaintiff may wish to file in the future.

3. Plaintiff's motion seeking service of his Complaint through the United States Marshals and an extension of time within which to serve his Complaint (ECF No. 7) is **GRANTED**,

4. Plaintiff shall serve his Complaint within ninety (90) days of the date of this Order,

5. The Clerk of Court shall provide Plaintiff with a copy of the USM-285 form for each Defendant,

6. Plaintiff shall complete the form for each Defendant and return it to the Clerk of Court, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, NJ 08608,

7. Upon Plaintiff's submission of the completed form to the Clerk of Court, the Clerk shall issue summons, and the United States Marshals shall serve a copy of the Complaint (ECF No. 1), summons, and this Order upon Defendants pursuant to Rule 4(c)(3),

8. Defendants shall file and serve a responsive pleading within the time specified in Rule 12, pursuant to 42 U.S.C. § 1997e(g)(2), and

9. The Clerk shall serve a copy of this Order upon Plaintiff by regular mail.

*Georgette Castner*
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**