<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| JOHN DILORETO, | : | |
| Plaintiff, | : | Civ. No. 21-20366 (GC) (RLS) |
| v. | : | |
| DR. ROBIN MILLER, | : | **OPINION** |
| Defendants. | : | |

<u>**CASTNER, District Judge**</u>

This matter comes before the Court on a motion for partial summary judgment brought by Defendant Dr. Robin J. Miller ("Defendant" or "Dr. Miller"). Defendant seeks dismissal of Plaintiff John Diloreto's ("Plaintiff") state law medical malpractice claims for failure to comply with New Jersey's Affidavit of Merit Statute ("AOM Statute"), N.J.S.A. 2A:53A-27 et seq. For the reasons explained below, Defendant's motion for partial summary judgment is DENIED.

I. <u>**FACTUAL BACKGROUND & PROCEDURAL HISTORY**</u>

On or about November 6, 2021, Plaintiff submitted a Verified Complaint alleging that Defendant acted with deliberate indifference to his serious medical needs in violation of 42 U.S.C. § 1983 and committed medical malpractice when she failed to diagnose and treat his bicep tear.[1] (ECF No. 1.) It appears undisputed that Plaintiff was incarcerated at New Jersey State Prison when his injury occurred and that Defendant worked as a medical provider at the prison clinic where Plaintiff sought treatment for his injury.

---

[1] Defendant states in her reply brief that she is not seeking summary judgment on Plaintiff's constitutional claims. (ECF No. 76, Reply at 8.)

In addition to his Complaint, Plaintiff filed a motion for pro bono counsel and a request to extend the time to serve his tort notice. (ECF Nos. 3-4.) Plaintiff paid the filing fee, and the Clerk's Office issued summons. (*Id.* at 5.)

On March 4, 2022, defense counsel entered an appearance on behalf of Defendant and opposed Plaintiff's motion to submit a late tort notice. (ECF Nos. 6, 8.) Defendant filed her Answer on April 5, 2022, and demanded that "Plaintiff provide an Affidavit of Merit pursuant to N.J.S.A. 2A:53A-27 et seq." (ECF No. 9, Answer at 12.) Defendant further alleged the following with respect to her medical specialty:

> **STATEMENT OF MEDICAL SPECIALTY**
>
> Defendant, Robin J. Miller, M.D. is a licensed physician practicing medicine in the specialty of Family Medicine. The care and treatment rendered to Plaintiff by Robin J. Miller, M.D. was within that specialty.

(*Id.*)

On April 19, 2022, the Magistrate Judge denied Plaintiff's motion for pro bono counsel but granted his requests to file a late tort notice and for Marshal service of the two unserved Defendants.[2] (*See* ECF No. 11.)

On August 10, 2022, Defendant filed a motion to dismiss Plaintiff's medical malpractice claims for failure to provide an affidavit of merit. (ECF No. 21.) On August 25, 2022, Plaintiff filed a brief opposing the motion to dismiss, and, on September 6, 2022, Defendant filed a reply brief. (ECF Nos. 22-23.) On September 6 and September 9, 2022, Plaintiff also filed motions for pro bono counsel, which Defendant opposed. (ECF Nos. 24, 28, 33.)

---

[2] On July 25, 2022, the summons as to Defendant Ashraf Haggag was returned as executed, but this Defendant failed to respond to the Complaint. (*See* ECF Nos. 14-15.) On July 13, 2022, the summon was returned as unexecuted as to Winfred Obiora. (ECF Nos. 14, 16.)

On October 6, 2022, the Court denied without prejudice Defendant's motion to dismiss based on the Third Circuit's precedential decision in *Nuveen Municipal Trust v. Withumsmith Brown, P.C.*, 692 F.3d 283, 303, n.13 (3d Cir. 2012) (finding that "the affidavit [of merit] is not a pleading requirement" and requiring that a defendant "seeking to 'dismiss' an action based on the plaintiff's failure to file a timely affidavit" to "file a motion for summary judgment under Rule 56, and not a motion to dismiss for failure to state a claim under Rule 12(b)(6)").

On October 6, 2022, the Magistrate Judge denied without prejudice Plaintiff's motions for pro bono counsel. (ECF No. 35.) On November 1, 2022, Plaintiff appealed the Magistrate Judge's decision denying his motion for pro bono counsel. (ECF No. 37.) Meanwhile, on October 27, 2022, Defendant filed a motion for partial summary judgment seeking dismissal of Plaintiff's medical malpractice claims for failure to file an affidavit of merit. (ECF No. 36.)

On May 24, 2023, the Magistrate Judge appointed counsel for the limited purpose of determining whether Plaintiff could obtain an affidavit of merit and, if so, to assist Plaintiff in obtaining an affidavit of merit. (ECF No. 56.) The Magistrate Judge also extended the time for serving an affidavit of merit to 60 days after pro bono counsel is assigned and terminated Plaintiff's discovery appeal and Defendant's motion for partial summary judgment. (*Id.* at 4.)

Pro bono counsel entered an appearance on Plaintiff's behalf on July 11, 2023, and on August 28, 2023, pro bono counsel requested a 30-day extension until September, 29, 2023, to serve an affidavit of merit; the Magistrate Judge granted this request. (ECF Nos. 60-61.)

On September 14, 2023, Plaintiff filed an Affidavit of Merit ("AOM") from Paul Adler, D.O., F.A.C.E.P., M.B.A. (ECF No. 62-1) According to Plaintiff's AOM, Dr. Adler, is a licensed physician in the State of California and received his D.O. from the Chicago College of Osteopathic Medicine in 1977. (*Id.*, Plaintiff's AOM at ¶ 1.) At the time he submitted his AOM, Dr. Adler

3

held several positions in correctional health. Dr. Adler was "the Chief Executive Officer and Chief Medical Officer of Correctional Health Management[,]" which "specialize[s] in health care in police lock ups and smaller city/county jails." (*Id.*) Dr. Adler was "also the medical director of the Telemedicine division of Orbit Health[,]" which specializes in "Tele-Psychiatry and Tele-Health in adult jails, juvenile jails and group homes for young offenders in lieu of incarceration[,]" as well as "the President of the oldest organization representing all correctional health care staff – The American Correctional Health Services Association Western States." (*Id.*) In his current roles, Adler avers that he

> personally treat[s] inmates, oversee[s] the care of inmates by [his] other medical and psychiatric physicians, and nurse practitioners as well as overseeing the Registered Nurses sick call and Licensed Practical Nurses medication call daily. [Dr. Adler] spend[s] 50% of [his] time in the clinical practice of medicine.

(*Id.* at ¶ 3.)

Prior to holding his current positions, Dr. Adler worked as a medical director for two different jail systems:

> [F]rom 2012 to 2020, [Dr. Adler] was the Medical Director for the Ventura County Jail System. Prior to that [Dr. Adler] was the Medical Director of the Westchester County, New York Jail system for 2+ years. Prior to that [Dr. Adler] was the Medical Director for the County of Rockland, New York. Prior to that [Dr. Adler] was a Chairman of Emergency Medicine at both public and private hospitals in New York City.

(*Id.* at ¶ 2.) Dr. Adler further averred that "[a]t all times until the present [he has] devoted a majority of [his] clinical practice to general medicine. From about 2010 until the present, a majority of that time has been in the setting of correctional facilities." (*Id.* at ¶ 4.)

Dr. Adler also averred that he is "familiar with the standard of care for Licensed Practical Nurses, Licensed Psychiatric Nurses, Registered Nurses, Physicians (M.D., D.O.), and other advanced level providers (i.e., Nurse Practitioner, Physician Assistant)," and in the course of his

4

career, he has treated inmates with bicep strains and tears, the injury at issue in this case, and referred them for orthopedic consultations. (*See id.* at ¶¶ 5-6.) Dr. Adler reviewed the medical records provided by Plaintiff and opined that Dr. Miller's failure to order an orthopedic consultation or MRI at the time she diagnosed Plaintiff with a torn bicep on December 8, 2021 "fell outside acceptable professional or occupational standards or treatment practices." (*Id.* at ¶¶ 7-8.)

On October 3, 2023, pro bono counsel filed a copy of Dr. Adler's curriculum vitae ("CV") on the docket. That CV includes Dr. Adler's lengthy experience in correctional medicine. (*See Generally*, ECF No. 64-1.) Under the "Board Certifications and Licensure" section of his CV, Dr. Adler also lists the following: "American College of Emergency Medicine, Fellow, 1986" and "American Board of Emergency Medicine, Diplomate, 1984 Emergency medicine." (ECF No. 64-1, CV at 8.)

In an email dated October 4, 2023, defense counsel advised pro bono counsel that Dr. Miller is "board certified in Family Medicine[,]" that Dr. Adler has a different specialty than Dr. Miller, and that the AOM provided by Dr. Adler did not meet the statutory requirements of the AOM Statute.[3] (DSUMF at ¶ 23 (citing Exhibit M).) Pro bono counsel disagreed that Dr. Miller rendered treatment to Plaintiff as a family medicine specialist, "the field in which [Dr. Miller] is purportedly so certified", and asked for a conference with the Magistrate Judge. (*See* Exhibit L.)

On October 5, 2023, Defendant filed a letter on the docket, accompanied by several exhibits, seeking leave to file a motion for summary judgment and arguing that Defendant is a family medicine specialist and that her treatment of Plaintiff's torn bicep falls within that specialty.

---

[3] The Answer does not state that Defendant is board certified in family medicine, and there is no other evidence before the Court indicating that Dr. Miller has any board certifications.

5

(ECF No. 66.)  Although Defendant filed several exhibits, none of the exhibits support her claim that Dr. Miller is a family medicine specialist.  (*See id.*)

On October 11, 2023, the Magistrate Judge held a conference with the parties, and on October 13, 2023, the Magistrate Judge granted leave for Defendant to file a summary judgment motion with respect to AOM and also extended pro bono counsel's representation to respond to the motion for summary judgment.  (ECF Nos. 65, 67 at 1-2.)

Defendant filed that motion for partial summary judgment on October 26, 2023.  (ECF No. 69.)  In her Statement of Undisputed Material Facts ("SUMF"), Defendant relies solely on her Answer as evidence that she is a family medicine specialist and that the alleged treatment or care of Plaintiff involved that specialty.  (*See* DSUMF at ¶¶ 4-6.)  Defendant's motion to dismiss and prior motion for partial summary judgment also rely solely on the Answer as evidence that she is a family medicine specialist and that the alleged treatment or care involved that specialty.  (*See* ECF Nos. 21-3 (Exhibit B); 36-4 (Exhibit B).)  Based on Dr. Adler's CV, Defendant further contends that Dr. Adler is not a family medicine specialist and that his only specialty recognized by the American Board of Medical Specialties is emergency medicine.  (*See* DSUMF at ¶¶ 18-20.)

Although the Magistrate Judge extended pro bono counsel's representation to include the instant motion, Plaintiff filed a pro se opposition brief on November 16, 2023.  (*See* ECF Nos. 70, 73-75.)  Defendant filed a reply brief on January 8, 2024.  (ECF No. 76.)

II.     **STANDARD OF REVIEW**

"Summary judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"  *United States v. Care Alternatives*, 81 F.4th 361, 369 (3d Cir. 2023) (citing *Thomas v. Cumberland Cnty.*, 749 F.3d 217, 222 (3d Cir. 2014); *see also* Fed. R. Civ. P. 56(a).  Summary judgment is appropriate

6

where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any, . . . demonstrate the absence of a genuine issue of material fact" and that the moving party is entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (quotations omitted); Fed. R. Civ. P. 56(a).

It is well established that the moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex,* 477 U.S. at 323 (internal citation omitted). The moving party may also meet its burden by "showing — that is, pointing out to the district court — that there is an absence of evidence to support the nonmoving party's case when the nonmoving party bears the ultimate burden of proof." *Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 192 n.2 (3d Cir. 2001) (quotations and citations omitted). Under either approach, Defendant has the initial burden to bring a properly supported motion for summary judgment. *See Farris v. Cnty. of Camden*, 61 F. Supp.2d 307, 346 (D.N.J. 1999).

Once a properly supported motion for summary judgment is made, the burden shifts to the non-moving party, who must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A fact is material if it "might affect the outcome of the suit under the governing law" and a dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. "If reasonable minds could differ as to the import of the evidence," summary judgment is not appropriate. *See id.* at 250-51. "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of

7

the evidence; instead, the nonmoving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor." *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," no genuine issue for trial exists and summary judgment shall be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).

Finally, "because the affidavit of merit statute is not a pleading requirement," summary judgment is the proper remedy for failure to comply with it, even though the consequences are "functionally the same as a motion to dismiss." *Nuveen*, 692 F.3d at 291 n.4, 303 n.13; *Chamberlain v. Giampapa*, 210 F.3d 154, 160-61 (3d Cir. 2001).

## III.  DISCUSSION

Defendant argues that she is entitled to partial summary judgment and dismissal of Plaintiff's medical malpractice claims because Plaintiff failed to provide an affidavit of merit that complies with the requirements of New Jersey's AOM Statute. As explained below, Defendant has not provided any evidence at summary judgment showing that she is entitled to judgment as a matter of law on Plaintiff's medical malpractice claims based on Plaintiff's failure to provide an appropriate AOM. In particular, Defendant, who was working in a prison medical department at the time she provided treatment to Plaintiff, relies solely on her Answer to prove that 1) she was practicing in the specialty of family medicine at the time she treated Plaintiff and 2) that the allegedly negligent care or treatment involved that specialty. Because the evidence on which she relies is plainly insufficient to carry her burden at summary judgment under Fed. R. Civ. P. 56, the Court denies without prejudice the motion for summary judgment and does not reach the parties' remaining arguments.

To prove medical malpractice in New Jersey, ordinarily, "a plaintiff must present expert testimony establishing (1) the applicable standard of care; (2) a deviation from that standard of care; and (3) that the deviation proximately caused the injury." *Nicholas v. Mynster*, 213 N.J. 463, 478 (2013) (quoting *Gardner v. Pawliw*, 150 N.J. 359, 375 (1997) (internal citations omitted).

Under New Jersey law, a malpractice plaintiff must produce an affidavit of merit at the outset of the action, or face dismissal. The affidavit of merit is a statement by an expert that the defendant professional breached an applicable duty of care. N.J.S.A. § 2A:53A-27. *See generally Ryan v. Renny*, 203 N.J. 37 (2010); *Szemple v. Univ. of Med. & Dentistry of New Jersey*, 162 F. Supp. 3d 423, 426 (D.N.J. 2016). The AOM Statute sets forth the basic AOM requirement as follows:

> In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices. The court may grant no more than one additional period, not to exceed 60 days, to file the affidavit pursuant to this section, upon a finding of good cause.

N.J. Stat. Ann. § 2A:53A-27. "The purpose of the Affidavit of Merit statute is to weed out frivolous complaints, not to create hidden pitfalls for meritorious ones." *Buck v. Henry*, 207 N.J. 377, 383 (2011). Thus, "extraordinary circumstances may warrant an extension of time to file an AOM beyond the filing deadline." *See Gonzalez v. Ibrahim*, 477 N.J. Super. 647, 657 (App. Div. 2024) (collecting cases).

In medical malpractice cases, such as this one, N.J.S.A. § 2A:53A-41 ("Section 41") controls and sets a "kind-for-kind" standard of eligibility to be an AOM affiant, which imposes

9

various criteria depending on the level of specialization. Section 41 "generally requir[es] that the challenging expert be equivalently-qualified to the defendant." *Lomando v. United States*, 667 F.3d 363, 382–83 (3d Cir. 2011); *see also Nicholas*, 213 N.J. at 467 (explaining that plaintiff's medical experts must possess the statutory credentials necessary to testify against defendant physicians").

In medical malpractice cases, that requirement means that if the allegedly negligent doctor was a specialist in a recognized specialty and the care or treatment at issue involves that specialty, the affiant must be a specialist in that specialty; if the allegedly negligent doctor was board certified in a recognized specialty and the care or treatment at issue involves that specialty, the affiant must be board certified in that specialty. *See* N.J.S.A. 2A:53A-41(a). Furthermore, N.J.S.A. 2A:53A-41(a) "requires that plaintiff['s] medical expert must 'have specialized at the time of the occurrence that is the basis for the [malpractice] action in the same specialty or subspecialty' as defendant['s] physicians." *Nicholas*, 213 N.J. at 468. Moreover, "a defendant physician must indicate in [her] answer, if [s]he acknowledges treating the patient, the specialty, if any, in which [s]he was involved when rendering treatment." *Buck,* 207 N.J. at 383; *see also* N.J. Ct. R. 4:5-3 (codifying that disclosure requirement).

If the allegedly negligent doctor was specialized and was a general practitioner, the affiant need not be specialized but must be a general practitioner. *See* N.J.S.A. 2A:53A-41(b). The New Jersey Legislature defined general practitioner as someone who:

> during the year immediately preceding the date of the occurrence that is the basis for the claim or action, shall have devoted a majority of his professional time to:
>
> (1) active clinical practice as a general practitioner; or active clinical practice that encompasses the medical condition, or that includes performance of the procedure, that is the basis of the claim or action; or

10

> (2) the instruction of students in an accredited medical school, health professional school, or accredited residency or clinical research program in the same health care profession in which the party against whom or on whose behalf the testimony is licensed; or
>
> (3) both.

*Id.* As explained by the Supreme Court in *Buck*:

> Under N.J.S.A. 2A:53A–41, the first inquiry must be whether a physician is a specialist or general practitioner. If the physician is a specialist, then the second inquiry must be whether the treatment that is the basis of the malpractice action "involves" the physician's specialty. When the treatment "involves" the physician's specialty the equivalency requirements apply, otherwise the specialist is subject to the same affidavit requirements as if he were a general practitioner. See ibid.[citation omitted.] . . . . In the case of a general practitioner, an affidavit from another general practitioner or from a physician experienced with the treatment performed will satisfy the statute. *See ibid.*

207 N.J. at 391. "Family medicine is a specialty recognized by the ABMS [American Board of Medical Specialties]," *Buck*, 207 N.J. at 390. Thus, Section 41(a) of the Patients First Act would prohibit plaintiff from offering an affidavit of merit from a doctor practicing in a specialty different from family medicine, unless defendant's "care or treatment" of plaintiff did not "involve[ ]" defendant's practice of family medicine." N.J.S.A. 2A:53A-41(a).

Here, Defendant demanded in her Answer that Plaintiff provide an AOM and alleged the following: "Robin J. Miller, M.D. is a licensed physician practicing medicine in the specialty of Family Medicine. The care and treatment rendered to Plaintiff by Robin J. Miller, M.D. was within that specialty." (*See* ECF No. 9 at 12.) Defendant now seeks summary judgment and claims that the AOM provided by Plaintiff's expert Dr. Adler is insufficient because he is not a family medicine specialist; however, Defendant's Statement of Undisputed Material Facts submitted in support of her summary judgment motion cites to the Answer as the only supporting evidence that

11

Dr. Miller is a family medicine specialist and that the care or treatment at issue involved her family medicine specialty. (*See* Generally ECF No. 69, SUMF at ¶¶ 4-6 (citing Exhibit B).)

To meet the initial burden on a motion for summary judgment, Defendant must provide evidence showing that she is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). In this context, therefore, Defendant must provide evidence supporting her claim that she is a family medicine specialist and that the care or treatment she provided involves her family medicine specialty.

Under state law, a defendant doctor must also provide sufficient evidence that he or she has the credentials he or she claims to possess. *See, e.g., Mazur v. Crane's Mill Nursing Home*, 441 N.J. Super. 168, 180 (App. Div. 2015) (finding that trial court should not have relied upon attorney's certification, which included facts not based on personal knowledge as required by N.J. Ct. R. 1:6-6, regarding the defendant's alleged specialty, which turned out to be false information); *Bobal v. AtlantiCare*, No. A-2100-19, 2021 WL 1625035, at *6 (N.J. Super. App. Div. Apr. 27, 2021) (explaining that defendant failed to provide the trial court with credible evidence of the defendants' purported board certification" and that "Defense counsel's unsworn statement about her Google search results is not credible evidence that the trial court could have considered in deciding defendant's summary-judgment motion"). In *Buck v. Henry*, for example, Defendant Dr. Henry provided evidence that he had treated the plaintiff in his family medicine practice and had graduated from medical school with a specialty in family medicine; public records also established that he was a family medicine specialist. *See Buck*, 207 N.J. at 385-86. Subsequently, "[i]n a certification in support of his summary-judgment motion, Dr. Henry averred that he "practiced in the specialty of family practice recognized by the American Board of Medical Specialties," and

that the "care or treatment" that he rendered to plaintiff "involve[d] [his] specialty in family practice." *Buck*, 207 N.J. at 387.

In this case, Defendant has not provided any evidence of the credentials she claims to possess or any evidence that her treatment of Plaintiff involves that specialty. Moreover, in this case, it is not obvious, as it may have been in *Buck*, that Defendant, who worked as a prison doctor, was practicing as a family medicine specialist during the relevant time period or that the care she provided was within that specialty. *See, e.g., Buck*, 207 N.J. at 393.

Because Defendant has not met her initial burden under Fed. R. Civ. P. 56 to present evidence that she is a family medicine specialist (with or without board certification) or that the care or treatment provided to Plaintiff involved that specialty, the Court denies summary judgment on that basis. *See Celotex*, 477 U.S. at 323 (placing initial summary judgment burden on the moving party).

In light of the Court's denial of summary judgment, it need not address the parties' additional arguments, including Plaintiff's arguments that the common knowledge exception to the AOM requirement applies. The Court notes, however, that there are four limited exceptions to the Affidavit of Merit requirement: "(i) a statutory exception regarding lack of information; (ii) a 'common knowledge' exception; (iii) substantial compliance with the affidavit-of-merit requirement; or (iv) 'extraordinary circumstances' that warrant equitable relief." *Nuveen*, 692 F.3d at 305.

The Court also notes that Plaintiff informally requests that the Court waive the same specialty requirement under the facts of this case. N.J.S.A. 2A:53A-41(c) provides that:

> A court may waive the same specialty or subspecialty ... and ... board certification requirements of this section, upon motion by the party seeking a waiver, if, after the moving party has demonstrated to the satisfaction of the court that a good faith effort has been made to

13

> identify an expert in the same specialty or subspecialty, the court determines that the expert possesses sufficient training, experience and knowledge to provide the testimony as a result of active involvement in, or full-time teaching of, medicine in the applicable area of practice or a related field of medicine.

To obtain a waiver, a plaintiff must file a motion seeking the relief. Plaintiff has not filed a formal motion, but nothing in this Opinion prevents him from filing a motion to waive the specialty requirement pro se or through his counsel. The Court notes that it is unclear whether pro bono counsel is able to continue his representation of Plaintiff, and the Court refers this matter to the Magistrate Judge to make that determination.[4]

## IV. CONCLUSION

For the reasons stated in this Opinion, Defendant's motion for partial summary judgment is DENIED. An appropriate Order follows.

DATED: May 21, 2024

GEORGETTE CASTNER
United States District Judge

---

[4] The Magistrate Judge extended the pro bono counsel's representation to include responding to Defendant's motion for summary judgment. (ECF No. 67 at 2.) For reasons that are not clear, Plaintiff then responded pro se to Defendant's summary judgment motion. (ECF No. 75.) If pro bono counsel is unable to continue the representation, he should notify the Magistrate Judge and file a motion to withdraw as counsel, and the Magistrate Judge should consider whether to appoint new counsel. Otherwise, the Magistrate Judge should determine whether it would benefit the Court to continue the representation.